IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANCIS AKINRO                                  :

                    Plaintiff *Pro Se*   :

        v.                                      :        CIVIL ACTION NO. L-10-1458

TOWSON LIBRARY                                  :

                    Defendants       :

## **MEMORANDUM**

Plaintiff, a resident of Baltimore, Maryland who holds himself out as a "Professor," and U. S.

Department of Justice employee, filed this 28 U.S.C. § 1331 action on June 1, 2010, against the

Towson, Maryland Library.  His statement of facts alleges in toto that:

> "Defendant hand over Baltimore County Police Department, Baltimore County
> Circuit and District Court to Mrs. Diana.  Because of that she has power to kill me
> without judicial intervention.  Defendant violate Section 51.1j of the California hate
> crime because of that the Court should punish Defendants to life imprisonment and
> death penalty before they actually kill me."

Docket No. 1 at 2.  In his relief request, Plaintiff seeks the award of $497,000,000,000,000.00, to

enjoin the Towson librarian from "assaulting" him, and the imposition of life imprisonment and the

death penalty on "each of the Defendants.  Id.

Although Plaintiff's indigency application contains information the Court finds questionable,

he shall be granted leave to proceed in forma pauperis.[1]  This Court may preliminarily review the

Complaint allegations before service of process and dismiss them sua sponte if satisfied that the

Complaint has no factual or legal basis.  See Neitzke v. Williams, 490 U.S. 319, 324 (1989); see

---

[1]     Plaintiff claims that he receives $3,063.00 in monthly retirement income; has been employed
by the U.S. Department of Justice since July of 2009; and has $200,000.00 accumulated at three separate
banks.  Docket No. 2.

also <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992); <u>Cochran v. Morris</u>, 73 F.3d 1310, 1314 (4th Cir. 1996); <u>Nasim v. Warden</u>, 64 F.3d 951 (4th Cir. 1995).  As explained by the Supreme Court in <u>Neitzke</u>:  "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar."  <u>Neitzke v. Williams</u>, 490 U.S. at 328.

Even when affording the <u>pro</u> <u>se</u> Complaint a generous construction, the Court finds no basis to allow the action to go forward or to require supplementation.  Plaintiff's Complaint is replete with fanciful comments and makes no sense.  The action shall be summarily dismissed under 28 U.S.C. § 1915(e).  A separate Order follows.

/s/

June 9, 2010                                  _____
                                             Benson Everett Legg
                                             United States District Judge